ALICE M. BATCHELDER, Chief Judge,
concurring in the judgment.
I agree with the majority that federal question jurisdiction exists over private claims brought under the TCPA and that the district court erred in holding otherwise. See Charvat v. GVN Michigan, Inc., *456 561 F.3d 623, 631-32 (6th Cir.2009). I also agree with the majority’s conclusion that the district court erred when it determined that it lacked diversity jurisdiction. However, I cannot join the majority’s discussion regarding the question of whether Charvat may recover under both 47 U.S.C. § 227(b) and (c) for violations that occurred during a single phone call. The parties themselves have neither raised nor argued this issue, and the district court did not even mention it.[1] We therefore ought not address or resolve this particular question.
I would also note that the district court’s resolution of Charvat’s invasion of privacy claim is a procedural anomaly. “The test for whether the jurisdictional amount has been met considers whether the plaintiff can succeed on the merits only in a very superficial way.” Kovacs v. Chesley, 406 F.3d 393, 396 (6th Cir.2005). Although it purported to apply the “legal certainty” test, the district court clearly judged the merits of Charvat’s claim rather than merely assessing whether he could assert it in good faith. The district court’s evaluation of the merits of Charvat’s invasion of privacy claim is inconsistent with that court’s simultaneous assertion that it lacked subject matter jurisdiction. Cf. DaWalt v. Purdue Pharma, L.P., 397 F.3d 392, 403 (6th Cir.2005). Although I agree with the majority’s conclusion that Charvat has pleaded this claim in good faith and that the damages he seeks should count toward the amount in controversy for purposes of determining diversity jurisdiction, I do not join the majority’s broader discussion of the issue.
Because it is clear that Charvat has in good faith pled damages exceeding $75,000, I believe that any further discussion of the specific claims is neither necessary nor appropriate, and I would simply remand the matter to the district court for further proceedings.

. In fact, Charvat has explicitly disclaimed any reliance on § 227(c) for recovery. It is true, as the majority points out, that Charvat has mislabeled some of the alleged violations as arising under § 227(b), as the regulations that he cites were enacted pursuant to § 227(c); however, that error is irrelevant to the fact that neither party has made any arguments with respect to whether a plaintiff should be able to recover under both § 227(b) and § 227(c) for violations occurring during a single phone call.